LIU, J.,
Concurring.—I join today’s opinion, including its determination that it is reasonably probable that the false evidence presented by Dr. Norman *320 Sperber at petitioner William Richards’s 1997 jury trial affected the outcome of that proceeding. The bite mark evidence falsely established “a direct and visceral link” between Richards and the victim (In re Richards (2012) 55 Cal.4th 948, 981 [150 Cal.Rptr.3d 84, 289 P.3d 860] (Richards T) (dis. opn. of Liu, J.)), and the remaining evidence was too close for us to have conhdence in the verdict (maj. opn., ante, at pp. 313-315).
In assessing the signihcance of the bite mark evidence, I think it is also relevant that two previous juries were unable to reach a verdict without this evidence. It was only at the hnal trial, where the false evidence was admitted, that a jury convicted Richards. In similar circumstances, this court and others have recognized the relevance of prior hung juries to the determination of prejudice. (See, e.g., People v. Gonzalez (2006) 38 Cal.4th 932, 962 [44 Cal.Rptr.3d 237, 135 P.3d 649] [concluding that the improper denial of discovery of rebuttal evidence in a penalty retrial was prejudicial because it was reasonably possible that defense counsel would have presented mitigating evidence and the hrst jury hung when such evidence was admitted]; People v. Kelley (1967) 66 Cal.2d 232, 245 [57 Cal.Rptr. 363, 424 P.2d 947] [hnding it signihcant that the hrst jury was unable to agree when the disputed evidence was excluded, but a unanimous verdict resulted when the evidence was erroneously admitted at the later trial]; People v. Diaz (2014) 227 Cal.App.4th 362, 385 [173 Cal.Rptr.3d 594] [a previous hung jury ‘“supports a hnding of prejudice in light of the fact that the evidence presented at both trials was similar, with the signihcant exception that the [improperly admitted] videos were not shown at the hrst trial”]; Kyles v. Whitley (1995) 514 U.S. 419, 455 [131 L.Ed.2d 490, 115 S.Ct. 1555] (cone. opn. of Stevens, J.) [‘“the fact that the jury was unable to reach a verdict at the conclusion of the hrst trial provides strong reason to believe the signihcant errors that occurred at the second trial were prejudicial”]; Ouber v. Guarino (1st Cir. 2002) 293 F.3d 19, 35 [hnding that defense counsel’s failure to present the repeatedly promised testimony of petitioner was prejudicial because the only ‘“salient difference” between the petihoner’s third trial and the previous trials was the absence of petihoner’s testimony]; Perry v. U.S. (D.C. 2011) 36 A.3d 799, 821 [hnding erroneous jury instruction to be prejudicial where previous jury deadlocked without such instruction]; Bass v. State (2009) 285 Ga. 89 [674 S.E.2d 255, 258] [‘“A prior hung jury is a factor this Court has recognized in addressing the prejudice prong of an ineffectiveness claim.”]; Commonwealth v. Broomhead (2006) 67 Mass.App.Ct. 547 [855 N.E.2d 413, 420] [hnding prosecutor’s erroneous statements to be prejudicial at third trial where presentahon of the same evidence, without the statements, resulted in two prior hung juries].)
Jushce Corrigan argues that ‘“it is very difficult to read any significance into the fact that two other juries hung in this case.” (Cone. opn. of Corrigan, J., ante, at p. 316.) Nohng various differences among the three *321 trials, she says we cannot know whether these differences influenced the outcomes in the three proceedings. {Id. at pp. 316-317.) What we do know, however, is that the San Bernardino County District Attorney, whose office has litigated this case throughout the trial and appellate levels, has never meaningfully disputed Richards’s observation that the bite mark evidence was a material difference between the final trial and the first two trials.
In his opening brief in Richards /, Richards observed that in each trial “the prosecution relied on blood spatter evidence, the absence of evidence indicating the presence of a third party at the crime scene, the tuft of blue fibers found in a crack of Pamela’s fingernail which was similar to the fibers in a shirt that Richards had worn on the night of the murder, and evidence of some marital discord. It was not until the third full trial that the prosecution, for the first time, introduced evidence suggesting Richards was responsible for a bitemark found on Pamela and that only 2% of the population had a dentition which could have made that bitemark. That trial resulted in Richards’ conviction.” In his most recent petition, he again noted that “the difference between the first two unsuccessful trials and the third trial was the introduction of bite mark evidence through Dr. Sperber.” The District Attorney’s office has not specifically contested these assertions, even as it has vigorously opposed reversal of Richards’s conviction. If the three trials had differed in material respects other than the bite mark evidence, one would have expected to see this argument made in the course of multiple rounds of briefing by the party with the knowledge and incentive to make it.
In sum, the fact that two prior juries hung without the bite mark evidence further suggests that admission of this evidence at the third trial was prejudicial, and I join the court in holding that Richards’s conviction must be reversed.